D. ELAINE SURGEON, PERSONAL REPRESENTATIVE FOR OPHELIA A. KNOTTS v. DIVISION OF SOCIAL SERVICES AND DIVISION OF MEDICAL ASSISTANCE, NORTH CAROLINA DEPARTMENT OF HUMAN RESOURCES

No. 8622SC1326

(Filed 7 July 1987)

1. **Social Security and Public Welfare § 1— medicaid benefits—life insurance policies not designated for burial expense—denial of benefits proper**

   Respondent's decision to deny petitioner medicaid benefits retroactive to three months was supported by substantial evidence where such evidence tended to show that the cash value of petitioner's life insurance policies was not designated for burial expenses at the time of application as the eligibility manual required nor was there a designation during the three-month period for which petitioner sought medical assistance benefits.

2. **Social Security and Public Welfare § 1— retroactive medicaid benefits—denial in conflict with federal regulations—unlawful procedure**

   A provision of respondent's medicaid eligibility requirements which required that certain funds be designated for burial expenses before they could be excluded from allowable reserves and which provided that the funds could be excluded as of the first day of the month in which the individual signed a statement of designation limited the retroactive coverage petitioner was entitled to pursuant to federal regulations, and respondent's decision denying petitioner retroactive medicaid benefits was therefore based upon unlawful procedure.

APPEAL by petitioner from *Freeman, Judge.* Judgment entered 15 September 1986 in Superior Court, DAVIDSON County. Heard in the Court of Appeals 2 June 1987.

This is a proceeding to judicially review a Final Order by respondent, Department of Human Resources, Division of Social Services, that denied petitioner, Ophelia A. Knott's, application for medical assistance benefits retroactive to March of 1984. G.S. 108A-79(k).

Prior to the trial court hearing this matter, the parties stipulated to the following:

(1) It is stipulated that all parties are properly before the Court, and that the Court has jurisdiction of the parties and of the subject matter.

(2) It is stipulated that all parties have been correctly designated, and there is no question as to misjoinder or nonjoinder of parties.

(3) In addition to other stipulations contained herein the parties hereby stipulate and agree with respect to the following undisputed facts:

(a) On June 14, 1984, D. Elaine Surgeon, daughter of Ophelia A. Knotts, applied for Medical Assistance (Medicaid) benefits for Ophelia A. Knotts through the Davidson County Department of Social Services, seeking Medicaid assistance retroactive to March, 1984.

(b) A Medicaid application was not processed by the Davidson County Department of Social Services in connection with the June 14, 1984 application.

(c) The 'budget unit' for Ophelia A. Knotts consisted of herself and her husband, George Knotts, Jr. The maximum allowable 'reserve' assets for Medicaid eligibility purposes, for a budget unit of two people was $1,100.00.

(d) During the period from March 1, 1984 through and including June 14, 1984, Mr. and Mrs. Knotts each owned a life insurance policy with Metropolitan Life Insurance Company, the combined cash value of the two life insurance policies was $1,158.63.

(e) In connection with the June 14, 1984 application, the Davidson County Department of Social Services was advised of the existence of the two burial policies.

(f) The Davidson County Department of Social Services formally initiated a Medicaid application on or about December 31, 1984. On that date, Mrs. Surgeon was provided and signed a copy of the 'Statement of Intent' form relative to use of the two life insurance policies for burial purposes.

(g) On or about January 25, 1985, Mr. and Mrs. Knotts completed a Change of Beneficiary process whereby Gilmore's Funeral Home was designated as the beneficiary of both policies, for purposes of payment of the burial expenses of Mr. and Mrs. Knotts.

(h) The Medicaid application was denied by Notice from the County agency dated February 25, 1985 on the basis of 'excess reserve.'

(i) A local hearing was timely requested, and held at the County agency on April 26, 1985. By its local appeal decision, the County agency offered to re-open the application to ascertain Medicaid eligibility from 12/1/84 and thereafter, based on its conclusion that the cash value of the two life insurance policies plus the $400.00 value of a non-essential vehicle also included in reserve, exceeded the Medicaid eligibility reserve limitation for the period from 3/1/84 through 11/30/84, (the applicant had no need for Medicaid benefits on or after 12-1-84), (WHO CMc) and timely requested a state appeal hearing.

(j) The state appeal hearing was conducted by Hearing Officer John H. Dunroe on June 5, 1985. The Hearing Officer's tentative decision dated July 10, 1985 instructed the County agency to process the Medicaid application as of June 14, 1984.

(k) The Hearing Officer also concluded as a matter of law:

'3. That, had the application been taken and processed beginning June 14, 1984, the notice of intent regarding the life insurance policies would have been executed permitting the

exclusion of their cash values from the reserve, effective June 1, 1984.'

(l) The Hearing Officer's tentative decision was upheld by Final Decision of the Respondent's Chief Hearing Officer by decision dated October 31, 1985.

(m) On or about September 11, 1985, the Davidson County Department of Social Services approved the applicant's Medicaid application for the period from 6/1/84 through 11/30/84.

(n) The Petitioner timely filed a Petition for Judicial Review, for the sole purpose of challenging the Hearing Officer's Conclusion of Law that the cash value of the two life insurance policies in question was properly included in the Medicaid eligibility 'reserve' for the period from 3/1/84 through 5/31/84.

(4) The only exhibit to be offered by either Petitioner or Respondent is the 'CERTIFIED RECORD OF ADMINISTRATIVE HEARING' heretofore filed with the Court by the Respondent. All parties have been provided a copy of the Certified Record.

(5) It is stipulated and agreed that all of the documents included in the Certified Record are genuine and, if relevant and material, may be received in evidence without further identification or proof except that petitioner contends that the following documents should not be admitted:

(a) Letter from counsel for Petitioner to Hearing Officer dated June 26, 1985.

(b) Letter dated July 5, 1985 from Davidson County Department of Social Services to the Hearing Officer.

(c) Letter dated July 17, 1985 from counsel for Petitioner to Hearing Officer.

(6) Neither party will offer testimonial evidence at trial.

(7) There are no pending motions, and neither party desires further amendments to the pleadings, except that petitioner will move the court that the documents enumerated (a), (b) and (c) in paragraph 5 be excluded from the record; said mo-

tion to be heard directly before the hearing for judicial review on the date specified for the hearing.

(8) Additional consideration has been given to a separation of the triable issues, and counsel for all parties are of the opinion that a separation of issues in this particular case would not be feasible.

(9) The Petitioner contends that the contested issues to be tried by the Court are as follows:

      (a) Whether or not the two life insurance policies owned by the Petitioner and her husband as of June 14, 1984, had been adequately 'designated' for burial purposes, pursuant to applicable law and regulation, as of March 1, 1984;

      (b) Whether or not the Petitioner is legally entitled to the benefit of a burial exclusion of the cash value of the two life insurance policies retroactive to March 1, 1984, pursuant to applicable law and regulation.

(10) The Respondent contends that the contested issue to be tried by the Court is:

      (a) Whether or not the Hearing Officer's decision comports with all applicable state and federal statutes, regulations and constitutional provisions and is supported by substantial evidence of record.

(11) Counsel for both parties announce that the case is in all respects ready for trial. The probable length of the trial is estimated to be from one to two hours.

(12) Counsel for the parties represent to the Court that, in advance of the preparation of this Order, there was a full and frank discussion of settlement possibilities. Counsel for the plaintiff will immediately notify the Clerk in the event of material change in settlement prospects.

    This matter was heard during the 11 August 1986 civil session of Davidson County Superior Court. On 15 September 1986 a judgment was entered in Superior Court that affirmed respondent's final order. Petitioner appeals.

*Turner, Enochs, Sparrow & Boone, P.A., by Wendell H. Ott and S. Mark Payne, for petitioner appellant.*

*Attorney General Lacy H. Thornburg, by Assistant Attorney General Catherine C. McLamb, for respondent appellee.*

JOHNSON, Judge.

I

Petitioner argues on appeal that (1) respondent's decision to deny petitioner's medicaid benefits retroactive to 1 March 1984, was affected by error of law, (2) respondent's decision was unsupported by substantial evidence, and (3) respondent's decision was based upon unlawful procedure.

Since this is a contested case instituted prior to 1 January 1986, the effective date of G.S. Chap. 150B, the applicable scope of review of an agency decision is stated in G.S. 150A-51 as follows:

The court may affirm the decision of the agency or remand the case for further proceedings; or it may reverse or modify the decision if the substantial rights of the petitioners may have been prejudiced because the agency findings, inferences, conclusions, or decisions are:

(1) In violation of constitutional provisions; or

(2) In excess of statutory authority or jurisdiction of the agency; or

(3) Made upon unlawful procedure; or

(4) Affected by other error of law; or

(5) Unsupported by substantial evidence admissible under G.S. 150A-29(a) or G.S. 150A-30 in view of the entire record as submitted; or

(6) Arbitrary or capricious.

We find that pursuant to G.S. 108A-79, petitioner is authorized to seek judicial review of respondent's final agency decision; and we further find that the questions presented by petitioner properly fall within our scope of review.

## II

**[1]** Our first line of inquiry is whether respondent's decision was supported by substantial evidence. After a review of the record we conclude that respondent's decision was supported by substantial evidence.

The standard for judicial review stated in G.S. 150A-51(5) is commonly referred to as the "whole record" test. *Thompson v. Wake County Bd. of Education*, 292 N.C. 406, 233 S.E. 2d 538 (1977). The function of a court applying the whole record test is to determine whether an administrative decision has a rational basis in the evidence. *Id.* A reviewing court is required to determine if there is substantial evidence in the record to support the administrative tribunal's findings and conclusions. *In re Community Savings & Loan Assn. v. North Carolina Savings & Loan Assn.*, 43 N.C. App. 493, 259 S.E. 2d 373 (1979). Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Lackey v. North Carolina Department of Human Resources*, 306 N.C. 231, 293 S.E. 2d 171 (1982). When applying the "whole record" test a reviewing court may not replace an administrative tribunal's judgment as between two reasonably conflicting views, even though the court could have reached a different result had the matter been before it *de novo*. *See Thompson, supra.*

It is clear that federal law mandates that a state plan for medical assistance benefits must provide benefits retroactive to three months prior to the month in which an individual makes application "if such individual was (*or upon application would have been*) *eligible for such assistance at the time such care and services were furnished*." 42 U.S.C. sec. 1396a(a)(34) (emphasis supplied). *See* also 42 CFR sec. 435.914. It is equally clear that North Carolina's plan has such a provision in 10 NCAC 50B.0204 as follows:

10NCAC 50B.0204 Effective Date of Assistance

(a) Medicaid coverage is effective as follows:

(1) As much as three months prior to the month of application when medical services covered by the program were received and the client was eligible during the month(s) of medical need.

Based upon a provision in a manual promulgated by respondent, the Chief Hearing Officer concluded that petitioner was not eligible for medical assistance benefits, retroactive to three months, as follows:

> The regulations at section 2460 cited in the hearing officer's decision address the exclusion of the burial funds. The regulation is very clear in the limitations of the burial exclusion and permits exclusion only as early as the first day of the month in which an individual signs the statement of intent if the total funds are subsequently designated for burial exclusions within 30 days of signing the statement. There is no provision for exclusion in months for which retroactive coverage is requested. Accordingly, the hearing officer's conclusion that the life insurance policies could be excluded from reserve effective June 1, 1984 is correct and based upon existing regulation.

The pertinent section of the eligibility manual referred to by the Chief Hearing Officer is as follows:

> 4. Only the following resources are allowed for the burial exclusion: irrevocable burial trusts, irrevocable burial contracts, any other irrevocable arrangement established for burial expenses, revocable burial trusts, revocable burial contracts, and life insurance that accrues cash value, *if it is designated for burial expenses.*

> 5. Funds specifically set aside for burial expense may be excluded from countable reserve if the money is designated for burial expenses as follows:

> a. For applications,

> (1) The funds must be separately identifiable at time of application;

> (2) The funds cannot be commingled with other funds or assets which are not set aside for burial;

> (3) *The funds must be clearly designated as set aside for burial expenses. (This includes life insurance policies.) If the funds are not so designated at time of application, the funds can be excluded if the individual states in writing that he/she intends to use the funds for his/her burial* and agrees to sub-

mit within 30 days of signing the statement evidence that the total funds have been designated as set aside for burial as one of the allowable resources.

(4) *The funds subject to the $1,500 limit, may be excluded as of the first day of the month in which the individual signed the statement if the total funds are designated as set aside for burial within 30 days of signing the statement. . . .*

DHR Medical Assistance Eligibility Manual, Part I, MA-2460VA (emphasis supplied).

Testimony and exhibits in the Record on Appeal establish that the cash value of petitioner's life insurance policies was not "designated" at the time of application as the eligibility manual requires. Moreover, during the three month period that petitioner seeks medical assistance benefits for there was no designation of burial expenses or written statement of intent to designate the cash value of the life insurance policies as burial expenses. There is substantial evidence that petitioner would have signed a written statement of intent and designated the cash value of the policies at the time of her application on 14 June 1984. However, as the Chief Hearing Officer concluded in the final decision, the manual only allows the burial expenses to be excluded as of the first day of the month which the applicant signs the written statement of intent. Therefore, after an exhaustive review of the whole record, we conclude that the Chief Hearing Officer's decision, based upon the eligibility manual, that petitioner was not eligible for medical assistance benefits retroactive to March of 1984, was supported by substantial evidence. Having established that but for the eligibility requirements of the manual petitioner would have been entitled to retroactive medical assistance benefits pursuant to 42 USC sec. 1396a(a)(34), 42 C.F.R. sec. 435.914 (a)(2), and 10 NCAC 50B.0204(a)(1), we next address petitioner's first and third arguments.

## III

[2] The ultimate issue raised by petitioner's first and third arguments is whether MA-2460 V.A.5 (4) of respondent's eligibility manual deprives petitioner of three months of retroactive medical assistance benefits to which she was entitled pursuant to 42 USC sec. 1396a(a)(34) and 10 NCAC 50B.0204(a)(1). If so respond-

ent's decision was based upon unlawful procedure because it promulgated a "rule," within the meaning of G.S. 150A-10, that was not promulgated pursuant to the North Carolina Administrative Procedure Act, G.S. 150A-9. We hold that MA-2460 V.A. 5(4) is a rule within the meaning of G.S. 150A-10 which conflicts with applicable state and federal regulation; we further hold that respondent's promulgation of MA-2460 V.A.5(4) does not meet the minimum procedural requirements of Article 2 of the North Carolina Administrative Procedure Act.

Initially, we dispose of respondent's contention, stated in its brief, as follows:

The Superior Court was without jurisdiction to consider the construction and validity of the administrative rules, because appellant has failed to exhaust her administrative remedies in respect of such construction and validity of administrative rules. The General Assembly has provided and appellant must follow the procedures prescribed in G.S. 150B-17 (sic) before the superior court may consider the issue of the applicability of the validity of administrative rules.

(Citations omitted.)

G.S. 150A-17 states the following:

On request of a person aggrieved an agency shall issue a declaratory ruling as to the validity of a rule or as to the applicability to a given state of facts of a statute administered by the agency or of a rule or order of the agency, except when the agency for good cause finds issuance of a ruling undesirable. The agency shall prescribe in its rules the circumstances in which rulings shall or shall not be issued. A declaratory ruling is binding on the agency and the person requesting it unless it is altered or set aside by the court. An agency may not retroactively change a declaratory ruling but nothing in this section prevents an agency from prospectively changing a declaratory ruling. A declaratory ruling is subject to judicial review in the same manner as an agency final decision or order in a contested case. Failure of the agency to issue a declaratory ruling on the merits within 60 days of the request for such ruling shall constitute denial of the requests

as well as a denial of the merits of the request and shall be subject to judicial review.

G.S. 150A-17.

Everything in the Record on Appeal, including a request by petitioner for an interpretive ruling by respondent, indicates that the validity of MA-2460 V.A.5(4) has been questioned and ruled upon. Petitioner argued throughout the administrative hearings on this matter that she was entitled to three months retroactive medical assistance benefits. After receiving a tentative decision, but before entry of a final order, the following was requested by petitioner in a letter fo the Chief Hearing Officer:

> The tentative decision in effect remands the application to the Davidson County Department of Social Services for processing the applicant's June 14, 1984 application. However, conclusion of Law No. 3, on page 3 of the decision, implies that the cash value of life insurance policies owned by the applicant and her husband would be excluded from reserve as of June 1, 1984. For the reasons set forth by our brief dated June 26, 1985 (see issue No. 3, pages 6-8), we contend that the cash value of the insurance policies should be excluded retroactive to March 1, 1984.
>
> If the tentative decision is affirmed, it appears likely that the applicant's application will be approved as of June 1, 1984. At that point, a second appeal hearing would be necessary to address the burial exclusion-retroactive coverage issue. *It would seen more efficient to address that issue directly at this point*, in the context of the current contested case, to a definitive resolution of that issue without the necessity of a second round of administrative appeals. (Emphasis supplied.)

Petitioner's letter goes on to state that federal law dictates that she is entitled to retroactive medical assistance.

We find it anamolous that respondent would contend that the issue was not before the superior court when respondent stipulated that the following issue was to be decided in superior court:

> (a) Whether or not the hearing officer's decision comports with all applicable state and federal statutes, regulations and

constitutional provisions and is supported by substantial evidence of record.

Since the hearing officer's decision was based upon MA-2460 V.A.5 it was implicit that the superior court would have to determine if the decision and MA-2460V.A.5(4) comported with 42 USC sec. 1396a(a)(34), 42 C.F.R. sec. 435.914(a)(2), and 10 NCAC 50B.0204(a)(1). Moreover, G.S. 150A-51(3) has been construed to allow judicial review of procedures employed by an agency discharging its statutorily authorized acts. *State of North Carolina ex rel. Commissioner of Insurance v. North Carolina Rate Bureau*, 300 N.C. 381, 269 S.E. 2d 547 (1980). Therefore, it was within the superior court's jurisdiction to enter its judgment stating that "the Hearing Officer's decision comports with all applicable state and federal statutes, regulations and constitutional provisions; is supported by substantial evidence of record and has a rational basis in the record." We now focus our inquiry on the validity of MA-2460 V.A.5.

G.S. 108A-79(1) states: "in the event of conflict between federal law or regulations and state law or regulations, the federal law or regulations shall control." As stated, hereinabove, North Carolina's plan, through 10 NCAC 50B.0204(a)(1), seeks to comply with 42 USC sec. 1396a(a)(34). The mandate in 42 USC sec. 1396a(a)(34) is emphasized in 42 C.F.R. sec. 435.914(a)(2), which states that an individual is entitled to retroactive coverage if an individual "would have been eligible for Medicaid at the time he received the services if he had applied. . . ." Legislative history of 42 USC sec. 1396a(a)(34) indicates that it was enacted for "persons who are eligible for medicaid but do not apply for assistance until after they have received care, either because they did not know about the medicaid eligibility requirements, or because the sudden nature of their illness prevented their applying." H.R. Rep. No. 92-231, 92nd Cong., 2d Sess., *reprinted in* [1972] U.S. Code Cong. & Ad. News 4989, 5099.

There are no federal regulations with respect to the burial exclusion allowed by North Carolina in 10 NCAC 50B.0403(o)(4). We do not find a conflict between our state plan and federal regulations because of the exclusion. Moreover, it is permissible for respondent to promulgate interpretive rules as contained in the manual to define what is a sufficient designation of the cash value

of an insurance policy for burial expenses. G.S. 150A-10(b). However, we do find a conflict between MA-2460 V.A.5(4) and 42 USC sec. 1396a(a)(34) to the extent that it limits the retroactive coverage petitioner is entitled to pursuant to 42 USC sec. 1396a (a)(34). Since MA-2460 V.A.5(4) is contrary to federal law, we cannot allow it to stand. G.S. 108A-79(1). Furthermore, respondent's decision was based upon unlawful procedure since the decision was based upon a rule which was in conflict with state and federal regulations and was not adopted in substantial compliance with the procedures outlined in G.S. 150A-12.

The facts found by respondent establish that but for MA-2460 V.A.5(4) petitioner is entitled to medical assistance benefits retroactive to March 1984. Respondent erred as a matter of law in denying petitioner retroactive coverage. The trial court erred in adjudging that respondent's decision comports with all applicable state and federal statutes. Accordingly, we reverse the trial court's judgment and respondent's final order.

Reversed.

Judges ARNOLD and PARKER concur.