JANIE L. McKOY, Petitioner v. NORTH CAROLINA DEPARTMENT OF HUMAN RESOURCES, AND DAVID T. FLAHERTY, In His Official Capacity As Secretary of the North Carolina Department of Human Resources, Respondents

No. 9011SC410

(Filed 15 January 1991)

1. **Social Security and Public Welfare § 1 (NCI3d)— Medicaid benefits—burial fund—methodology more restrictive than social security**

    The trial court erred in an action for Medicaid benefits by reversing the hearing officer's affirmation of the Harnett County Department of Social Services denial of petitioner's application for benefits because her countable reserve funds were over the applicable statutory limit, despite petitioner's contention that a portion of this was a burial fund which had been accepted as such by the Social Security Administration.

**McKOY v. N.C. DEPT. OF HUMAN RESOURCES**

[101 N.C. App. 356 (1991)]

The trial court relied on the language of 42 U.S.C. § 1396a(r)(2), which purports to prohibit states from using a more restrictive methodology in determining eligibility from Medicaid benefits than is used for determining eligibility for Supplemental Security Income (S.S.I.) benefits. Given the ambiguity in the statute, and the lack of any convincing indicator of Congressional intent, 42 U.S.C. § 1396a(r)(2) does not apply to limit the right of respondents to use a more restrictive methodology in determining eligibility for benefits pursuant to North Carolina's decision to take advantage of the 209(b) option.

**Am Jur 2d, Welfare Laws § 41.**

2. **Attorneys at Law § 64 (NCI4th) — Medicaid action — attorney fees under 42 U.S.C. 1988 — denied**

The trial court's order denying attorney's fees under 42 U.S.C. § 1988 in a Medicaid action was affirmed since petitioner was not a prevailing party.

**Am Jur 2d, Civil Rights § 278.**

**Construction and application of Civil Rights Attorney's Fees Awards Act of 1976 (amending 42 USCS sec. 1988), providing that court may allow prevailing party, other than United States, reasonable attorney's fees in certain civil rights actions. 43 ALR Fed 243.**

APPEAL by respondent from judgment entered 8 February 1990 in HARNETT County Superior Court by *Judge Dexter Brooks.* Heard in the Court of Appeals 27 November 1990. Petitioner also appeals from this judgment.

Petitioner applied to the Harnett County Department of Social Services (DSS) for Medicaid benefits on 20 February 1989. The Harnett County DSS denied her application for full benefits, ruling that her countable reserve funds were over the applicable statutory limit of $1,500.00. Petitioner had $3,005.83 in a checking account which was reduced to $2,016.60 on 21 February 1989. Petitioner claimed that $1,500.00 of this account was her burial fund, had been accepted as such by the Social Security Administration, and was therefore not properly included in her reserve funds.

Petitioner requested an appeal which was heard on 22 June 1989. The hearing officer affirmed the decision of the county DSS and petitioner filed for judicial review. The trial court reversed

the ruling of the hearing officer, concluding that the cash in the bank account designated as a burial fund should not be included in petitioner's countable reserve, and denied petitioner's request for attorney's fees. Both respondents and petitioner appeal.

*East Central Community Legal Services, by Iris V. Kirkman and Leonard G. Green, for plaintiff-appellee.*

*Attorney General Lacy H. Thornburg, by Assistant Attorney General Jane T. Friedensen, for respondents-appellants.*

WELLS, Judge.

[1] Respondents bring forward seven assignments of error from the order of the trial court. We have reviewed the record and these assignments and regard the dispositive question of this appeal to be whether the trial court correctly interpreted the effect of 42 U.S.C. § 1396a(r)(2) on this State's treatment of Medicaid applications. We hold that it did not and therefore reverse.

This Court's review of a trial court's consideration of a final agency decision is to determine whether the trial court failed to properly apply the review standard articulated in N.C. Gen. Stat. § 150B-51. *In re Kozy*, 91 N.C. App. 342, 371 S.E.2d 778 (1988), *disc. review denied*, 323 N.C. 704, 377 S.E.2d 225 (1989). An agency decision may be reversed or modified by the reviewing court if the agency's findings, inferences, conclusions, or decisions are, *inter alia*, affected by legal error, unsupported by substantial evidence in view of the entire record, or arbitrary or capricious. N.C. Gen. Stat. § 150B-51(b) (1985). The trial court found that the decision of the hearing officer and the North Carolina regulations on which he relied in denying full benefits to petitioner were in violation of 42 U.S.C. § 1396a(r)(2) and reversed the ruling denying full benefits.

The trial court relied on language in 42 U.S.C. § 1396a(r)(2) which purports to prohibit states from using "more restrictive methodology" in determining eligibility for Medicaid benefits than is used in determining eligibility for Supplemental Security Income (S.S.I.) benefits. Under the S.S.I. program, money set aside in a bank account designated as a burial fund is not counted as an asset in calculating an applicant's available reserve. The North Carolina Medicaid regulations include such funds as a countable asset. Individuals who would be eligible for S.S.I. benefits, then, may not be eligible for Medicaid benefits using North Carolina's

"methodology" of making the determination. Therefore, North Carolina's methodology is more restrictive within the meaning of 42 U.S.C. § 1396a(r)(2)(B).

North Carolina, however, has long been what is referred to as a "209(b) state." This provision (42 U.S.C. § 1396a(f)) states, in pertinent part:

> Notwithstanding any other provision of this title . . . no State . . . shall be required to provide medical assistance to any aged, blind or disabled individual . . . for any month unless such State would be (or would have been) required to provide medical assistance to such individual for such month had its plan for medical assistance approved under this title . . . and in effect on January 1, 1972 been in effect in such month. . . .

42 U.S.C. § 1396a(r)(2) refers explicitly to determinations of eligibility pursuant to subsection (f). Subsection (f) states that it applies "notwithstanding any other provision of this title." A conflict arises, then, when, as here, a state seeks to take advantage of its right pursuant to subsection (f) to limit the categories of people to which it is obligated to provide assistance by using a methodology purportedly prohibited by subsection (r)(2).

Both petitioner and respondents have attempted to reconcile the apparent conflict in the language of the subsections. While each has offered plausible arguments, we are not convinced by either interpretation. Petitioner also relies on the "plain language" of 42 U.S.C. § 1396a(r)(2) and the fact that it became law after 42 U.S.C. § 1396a(f) in urging that that particular subsection also applies to 209(b) states. Respondents rely on the "plain language" of 42 U.S.C. § 1396a(f) in urging that it does not. While we appreciate the difficulty of statutory construction this conflicting language created for the trial court, we must disagree with its result.

Medicaid is a cooperative federal-state funding program. *Harris v. McRae*, 448 U.S. 297, 65 L.Ed.2d 784, *reh'g denied*, 448 U.S. 297, 65 L.Ed.2d 1180 (1980). When the federal government legislates pursuant to its spending power, the legislation operates much like a contract. *Pennhurst State School and Hospital v. Halderman*, 451 U.S. 1, 67 L.Ed.2d 694 (1981). In return for federal funds, the states agree to comply with certain conditions. *Id.* If Congress intends to impose a condition on the grant of federal moneys, it must do so unambiguously. *Id.*

The nature of the contract entered into by 209(b) states is set out in *Schweiker v. Gray Panthers*, 453 U.S. 34, 69 L.Ed.2d 460 (1981):

> In 1972, Congress replaced three of the four categorical assistance programs with a new program called Supplemental Security Income for the Aged, Blind, and Disabled . . . In some States the number of individuals eligible for SSI assistance was significantly larger than the number eligible under the earlier, state-run categorical need programs.
>
> The expansion of general welfare accomplished by SSI portended increased Medicaid obligations for some States because Congress retained the requirement that all recipients of categorical welfare assistance-now SSI-were entitled to Medicaid. Congress feared that these States would withdraw from the co-operative Medicaid program rather than expand their Medicaid coverage in a manner commensurate with the expansion of categorical assistance. "[I]n order not to impose a substantial fiscal burden on these States" or discourage them from participating, see S Rep No. 93-553, 56 (1973), Congress offered what has become known as the "§ 209(b) option."

In asserting that 42 U.S.C. § 1396a(r)(2) has limited this option by restricting a 209(b) state's choice of methodology for determining eligibility, petitioner must also show that the terms of this "contract" have been altered. Under the *Pennhurst* analysis, this would require an unambiguous indication of Congressional intent. *See Mowbry v. Kozlowski*, 914 F.2d 593 (4th Cir. 1990). The language of these subsections, within the same statute, but with (r)(2) stating it applies to (f) and (f) stating that it does not, makes discerning any such indication of intent difficult. The legislative history of the Omnibus Budget Reconciliation Act of 1989 also belies any such intent. In the House Conference Report, it is pointed out that the House budget bill would have resolved the conflict in the statutory language by removing the ambiguities over whether 209(b) states have the option of applying more restrictive methodologies in determining eligibility for Medicaid. This part of the House bill was not adopted. *See* H.R. Conf. Rep. 101-386, 101st Cong., 1st Sess., 41 (1989), *reprinted in* 1989 U.S. Code Cong. & Admin. News, 3018, 3094.

We hold that the trial court erred in reversing the hearing officer's determination. Given the ambiguity in the statute, and

**McKOY v. N.C. DEPT. OF HUMAN RESOURCES**

[101 N.C. App. 356 (1991)]

the lack of any convincing indicator of Congressional intent, we must hold that 42 U.S.C. § 1396a(r)(2) does not apply to limit the right of respondents to use a more restrictive methodology in determining eligibility for benefits pursuant to North Carolina's decision to take advantage of the 209(b) option.

[2] Petitioner has appealed from the court's order refusing to award attorney's fees pursuant to 42 U.S.C. § 1988. In her brief as appellant, petitioner argues that respondents violated 42 U.S.C. § 1396a(r)(2) and the Equal Protection Clause of the United States, and asserts various state law claims for attorney's fees. Petitioner limited her assignment of error, however, to the denial of attorney's fees pursuant to 42 U.S.C. § 1988, claiming that the alleged violations of her statutory and constitutional rights amount to a violation of 42 U.S.C. § 1983. 42 U.S.C. § 1988 provides for attorney's fees for a "prevailing party" in an action brought pursuant to 42 U.S.C. § 1983. Given our disposition of respondents' appeal, we cannot say that petitioner is a "prevailing party." The trial court's order denying attorney's fees is therefore affirmed.

As to respondents' appeal, the trial court's order is

Reversed.

As to petitioner's appeal, the order is

Affirmed.

Judges JOHNSON and COZORT concur.