DAVID DILLINGHAM, AS GUARDIAN AD LITEM FOR CHARLES B. DILLINGHAM, PETITIONER-APPELLANT v. NORTH CAROLINA DEPARTMENT OF HUMAN RESOURCES, RESPONDENT-APPELLEE

No. COA98-820

(Filed 6 April 1999)

### 1. Administrative Law— standard of review—legal error

The appropriate standard of review for whether DHNR erred in requiring that petitioner rebut by clear and convincing written evidence the presumption of Medicaid ineligibility arising from a transfer of assets was de novo because petitioner asserted that the final agency decision was affected by legal error. The whole record test is utilized when appellant contends the agency decision was not supported by the evidence or was arbitrary or capricious.

### 2. Public Assistance— Medicaid—ineligibility—transfer of assets—form of evidence

Respondent agency's final decision was affected by an error of law where the agency concluded that a transfer of assets was not exclusively devoid of Medicaid considerations, which would result in denial of benefits and sanctions, in that the decision was based upon petitioner's failure to present sufficient written evidence to support his claim that the asset transfers occurred for

another purpose. The State Audit Medicaid Manual required that the presumption of ineligibility arising from a transfer of assets for less than their fair market value be rebutted by written evidence; however, federal law provides that an applicant may rebut the presumption upon a "satisfactory showing" and neither federal statutes nor regulations establish the form of evidence for a satisfactory showing. The requirement in the State manual for written evidence is an administrative rule which is not valid unless adopted in accordance with the provisions of the Administrative Procedure Act.

**3. Public Assistance— Medicaid—ineligibility—transfer of assets—standard of evidence**

Respondent agency's requirement that petitioner satisfy an unpromulgated standard of clear and convincing evidence for rebutting the presumption of ineligibility for Medicaid benefits raised by a transfer of assets for less than fair market value amounted to an error of law. The agency's requirement of clear and convincing evidence was an administrative rule which must be promulgated in accordance with Article 2A of Chapter 150B. Because it was not defined by statute or regulation, the applicable standard of proof was preponderance of the evidence.

Appeal by petitioner from order entered 29 April 1998 by Judge Claude S. Sitton in Buncombe County Superior Court. Heard in the Court of Appeals 24 February 1999.

*Pisgah Legal Services, by Curtis B. Venable, for petitioner-appellant.*

*Attorney General Michael F. Easley, by Assistant Attorney General Kathryn J. Thomas, for respondent-appellee.*

MARTIN, Judge.

In August of 1996, Charles Dillingham was discharged from a hospital to a nursing care facility after suffering a stroke. Mr. Dillingham was 86 years of age. In September 1996, Mr. Dillingham transferred assets worth $126,735.76 to his son, David Dillingham, the petitioner. In November 1996, petitioner applied to the Buncombe County Department of Social Services for Medicaid coverage for his father's long term nursing care. The Department of Social Services denied benefits and imposed sanctions based upon the uncompensated asset transfer. Contending the transfer of assets took place exclusively for

a purpose other than to qualify for Medicaid assistance, petitioner appealed to the Division of Social Services of the North Carolina Department of Human Resources (now North Carolina Department of Health and Human Resources) (hereinafter "DHR").

The Division of Social Services hearing officer issued a tentative decision in which he concluded "the greater weight of the written documentation [offered by petitioner] is not clear and convincing that the transfer was **exclusively** devoid of all Medicaid considerations" (emphasis original) and affirmed the decision of the Buncombe County Department of Social Services. The hearing officer cited the provisions of the North Carolina "Aged, Blind and Disabled Medicaid Manual", otherwise known as the "State Adult Medicaid Manual," § 2240, VIII.B (MA-2240 VIII B), which provides in pertinent part:

1  When a non-allowable transfer is verified, presume the transfer was made to establish Medicaid eligibility for cost of care. Determine the sanction penalty. . . .

2.  Advise the a/r [applicant/recipient] he may rebut the presumption that the asset was transferred to establish or retain Medicaid eligibility. The a/r must present clear and convincing **written** evidence to show the asset was transferred **exclusively** for a reason other than qualifying for Medicaid. The evidence presented must be more persuasive than all evidence to the contrary (emphasis original).

At petitioner's request pursuant to G.S. § 108A-79, the hearing officer's tentative decision was reviewed by the Chief Hearing Officer for the Division of Social Services. Petitioner argued the requirement for "written evidence" contained in the Adult Medicaid Manual and applied by the hearing officer had not been enacted in accordance with the requirements of the Administrative Procedures Act and, thus, was of no consequence. The Chief Hearing Officer entered a Final Decision in which she concluded:

It is conceded that the Medicaid manual reference requiring "written" evidence was not duly promulgated by the State in accordance with the requirements of the Administrative Procedures Act. However, the undersigned disagrees with the contention that the Tentative Decision turns upon this requirement of the Medicaid manual. Rather, this manual requirement citation must be construed as nothing more than incidental support for the decision to uphold the imposition of sanction.

Irrespective of any reference to "written" documentation, and based solely on the cited Federal regulations, the totality of the evidence and testimony presented supports the essential conclusion that it is <u>not</u> clearly and convincingly documented that the transfer was <u>exclusively</u> void of Medicaid considerations (emphasis original).

Petitioner petitioned for judicial review of the final agency decision pursuant to G.S. § 108A-79(k) and G.S. § 150B-51(b). The superior court affirmed DHR's final agency decision, concluding that "the final agency decision was supported upon the whole record by substantial competent evidence, was within the statutory authority and jurisdiction of the agency, was made upon lawful procedure, was not arbitrary or capricious, was not in violation of constitutional provisions, and was not affected by error of law . . . ." Petitioner appeals.

---

Initially, we observe that petitioner-appellant's brief does not conform to the requirements of Rule 28 of the North Carolina Rules of Appellate Procedure. The brief fails to state the question or questions presented, N.C.R. App. P. 28(b)(2) & (5); fails to argue those questions separately, N.C.R. App. P. 28(b)(5); fails to reference the assignments of error pertinent to the arguments by number and location in the record on appeal, N.C.R. App. P. 28(b)(5); and does not contain the required headings in their prescribed order. N.C.R. App. P. 28(b) and Appendix E to the North Carolina Rules of Appellate Procedure. We remind counsel that the Rules of Appellate Procedure are mandatory and a party's failure to comply with them frustrates the review process and subjects the party to sanctions, which may include dismissal of the appeal. N.C.R. App. P. 25(b). *Steingress v. Steingress* 350 N.C. 64, 511 S.E.2d 298 (1999). Because of the potential importance of the issues involved in this case, we elect to exercise the discretion granted us by N.C.R. App. P. 2 and address the merits of petitioner's assignments of error.

By his assignments of error, petitioner contends DHR's final agency decision was affected by an error of law because the agency applied substantive standards with respect to the form of evidence and level of required proof which had not been promulgated as required by law. Specifically, petitioner argues the provisions of the State Adult Medicaid Manual, requiring the presumption of ineligibility arising from a transfer of assets for less than fair market value to be rebutted by written, clear and convincing evidence, are invalid because they have not been adopted in accordance with the adminis-

trative rule making procedures prescribed by Article 2A of Chapter 150B of the General Statutes.

[1] Appellate review of a judgment of the superior court entered upon review of an administrative agency decision requires that the appellate court determine whether the trial court utilized the appropriate scope of review and, if so, whether the trial court did so correctly. *Act-Up Triangle v. Com'n for Health Serv.*, 345 N.C. 699, 483 S.E.2d 388 (1997). The nature of the error asserted by the party seeking review dictates the appropriate manner of review: if the appellant contends the agency's decision was affected by a legal error, G.S. § 150B-51(1)(2)(3) & (4), *de novo* review is required; if the appellant contends the agency decision was not supported by the evidence, G.S. § 150B-51(5), or was arbitrary or capricious, G.S. § 150B-51(6), the whole record test is utilized. *In re Appeal by McCrary*, 112 N.C. App. 161, 435 S.E.2d 359 (1993).

In this case, petitioner's assignments of error assert DHR's final agency decision was affected by legal error, thus the appropriate standard of review for the trial court and this Court is *de novo* review. *Id.* Accordingly, we consider *de novo* whether DHR erred in requiring that petitioner rebut by written evidence which was clear and convincing the presumption of ineligibility arising from Mr. Dillingham's transfer of his assets.

[2] Congress established the Medicaid program as Title XIX of the Social Security Act, 42 U.S.C. §§ 1396 *et seq.*, in 1965 to provide "federal financial assistance to States that choose to reimburse certain costs of medical treatment for needy persons." *Harris v. McRae*, 448 U.S. 297, 301, 65 L.Ed.2d 784, 794 (1980). States participating in the optional program are reimbursed for a portion of their costs. *See Atkins v. Rivera*, 477 U.S. 154, 91 L.Ed.2d 131 (1986); *McKoy v. North Carolina Department of Human Resouces*, 101 N.C. App. 356, 399 S.E.2d 382 (1991). "Although participation in the Medicaid program is entirely optional, once a State elects to participate, it must comply with the requirements of Title XIX," *Harris*, 448 U.S. at 301, 65 L.Ed.2d at 794 and, the requirements of the Secretary of Health and Human Services. *Atkins*, 477 U.S. at 157, 91 L.Ed.2d at 137. Participating states must serve (1) the "categorically needy," defined as families with dependent children eligible for public assistance under the Aid to Families with Dependent Children ("AFDC") program, 42 U.S.C. § 601 *et seq.*, and (2) the aged, blind, and disabled persons eligible for benefits under the Supplemental Security

**DILLINGHAM v. N.C. DEP'T OF HUMAN RES.**

[132 N.C. App. 704 (1999)]

Income ("SSI") program, 42 U.S.C. § 1381 *et seq. See* 42 U.S.C. § 1396a(a)(10)(A); *Harris,* 448 U.S. at 301 n. 1, 65 L.Ed.2d at 795 n. 1; *Elliot v. North Carolina Dept. of Human Resources,* 115 N.C. App. 613, 446 S.E.2d 809 (1994), *affirmed,* 341 N.C. 191, 459 S.E.2d 273 (1995).

Federal and North Carolina law provides coverage for long term nursing facility care, but denies such coverage when applicants "dispose of assets for less than fair market value" within 36 months of filing their Medicaid application. 42 U.S.C. § 1396p(c)(1)(A) & (B)(i); 10 N.C.A.C. 50B .0312(1). An improper transfer within the three year look back period raises a statutory presumption of ineligibility. Federal law provides that an applicant may rebut this presumption upon a "satisfactory showing" that:

> (i) the individual intended to dispose of the assets either at fair market value, or for other valuable consideration, (ii) *the assets were transferred exclusively for a purpose other than to qualify for medical assistance,* or (iii) all assets transferred for less than fair market value have been returned to the individual.

42 U.S.C. § 1396p(c)(2)(C) (emphasis added). Neither federal statutes nor regulations establish either the form of evidence or the standard of proof required for a "satisfactory showing." The federal manual which provides interpretive guidelines for the states to assist in the administration of the Medicaid program contains the following statement:

> Pending publication of regulations on transfers of assets that will provide guidelines on what is meant by the term "satisfactory showing" you must determine what constitutes a satisfactory showing in your State.
>
> . . .
>
> 2. *Transfers Exclusively for a Purpose Other Than to Qualify for Medicaid*—Require the individual to establish, to your satisfaction, that the asset was transferred for a purpose other than to qualify for Medicaid. Verbal assurances that the individual was not considering Medicaid when the asset was disposed of are not sufficient. Rather, convincing evidence must be presented as to the specific purpose for which the asset was transferred.

*State Medicaid Manual,* HCFA-Pub. 45-3 § 3258.10 C. G.S. § 108A-79(I) provides that Medicaid hearings be conducted "accord-

ing to applicable federal law and regulation and Article 3, Chapter 150B, of the General Statutes of North Carolina."

## A.

We must first determine whether the provision of the North Carolina "Aged, Blind and Disabled Medicaid Manual" prescribing the standard that written evidence is required to rebut the presumption created by a transfer of assets for less than the fair market value is a "rule" within the meaning of the Administrative Procedures Act. G.S. § 150B-2(8a) defines "rule" as

> any agency regulation, standard, or statement of general applicability that implements or interprets an enactment of the General Assembly or Congress or a regulation adopted by federal agency or that describes the procedure or practice requirements of an agency. . . . The term does not include the following:
>
> . . .
>
> c. Nonbinding interpretive statements within the delegated authority of an agency that merely define, interpret, or explain the meaning of a statute or rule.

We believe the requirement of the manual that an applicant for Medicaid, who is seeking to show that a transfer of his assets was made exclusively for a purpose other than Medicaid eligibility, provide *written* evidence is an administrative "rule" within the foregoing definition; the requirement creates a binding standard which interprets the eligibility provisions of the Medicaid law and, in addition, describes the procedure and evidentiary requirements utilized by respondent agency in determining such eligibility. *Comr. of Insurance v. Rate Bureau*, 300 N.C. 381, 411, 269 S.E.2d 547, 568, *reh'g denied*, 301 N.C. 107, 273 S.E.2d 300 (1980) (Rules operate to " 'fill the interstices of the statutes,' " and " 'go beyond mere interpretation of statutory language or application of such language and within statutory limits set down additional substantive requirements.' "); *Beneficial North Carolina, Inc. v. State ex rel. North Carolina State Banking Com'n*, 126 N.C. App. 117, 484 S.E.2d 808 (1997).

An administrative rule is not valid unless adopted in accordance with the provisions of Article 2A of the Administrative Procedure Act. N.C. Gen. Stat. § 150B-18. Respondent agency argues, however, that the provisions of 10 N.C. Admin. Code 50B .0202 & .0203 authorize the requirement of documentary evidence to verify the transfer of assets.

However, these regulations do not address the nature of the evidence required to *rebut* the presumptions arising from such transfers; rather they merely require "verification" of the transfer of assets. N.C.A.C. 50B .0211(66) defines "verification" as "the confirmation of facts and information used in determining eligibility," nowhere stating that documentary evidence is required for verification. Thus, we hold there is neither statutory nor regulatory authority for the requirement that a Medicaid applicant present *written* evidence to rebut the presumption that a transfer of assets for less than fair market value was for the purpose of establishing Medicaid eligibility. To the extent respondent agency's final decision was based upon petitioner's failure to present sufficient *written* evidence to support his claim that the asset transfers occurred for a purpose exclusive of eligibility for Medicaid benefits, the decision was affected by an error of law.

### B.

**[3]** Petitioner also contends respondent agency's final decision requiring proof as to the underlying purpose of the assets transfer by "clear and convincing" evidence was legal error. As noted above, a "satisfactory showing" is required by federal law to rebut the presumption of ineligibility raised by a transfer of assets for less than fair market value, but neither federal statutes nor regulations establish the standard of proof required for a "satisfactory showing." *See* 42 U.S.C. § 1396p(c)(2).

For the same reasons as stated with respect to the *form of evidence* required for a "satisfactory showing," we also hold that respondent agency's requirement as to the *standard of evidence* required for a satisfactory showing is an administrative rule which, to have legal effect, must be promulgated in accordance with Article 2A of Chapter 150B. Respondent agency concedes it has not promulgated a rule as to the standard of proof required but, citing the law of resulting trusts, argues that common law rules of evidence require the presumption of a gift between parent and child to be rebutted by "clear, cogent and convincing" evidence. Thus, it argues, the hearing officer correctly required "clear and convincing" evidence to rebut the presumption of ineligibility created by the transfer in the present case. We reject the argument.

In the absence of a valid statute or regulation establishing the standard of proof, G.S. § 150B-29 requires that "the rules of evidence as applied in the trial division of the General Court of Justice shall be

followed." Our Supreme Court has stated that the standard of proof in administrative matters is by the greater weight of the evidence, and it is error to require a showing by clear, cogent and convincing evidence. *In re Thomas*, 281 N.C. 598, 189 S.E.2d 245 (1972).

> The Commission's requirement, therefore, placed too great a burden on her. . . . G.S. s 143—318(1) [now G.S. § 150B-29(a)] requires the State agencies and boards charged with the duty of finding facts to observe the rules of evidence "as applied in the superior and district courts." In the superior court, except in extraordinary cases, the burden of proof is by the greater weight of the evidence. Proof beyond a reasonable doubt is confined to criminal offenses. Proof by clear, cogent, and convincing evidence is required to establish parole trusts, contents of lost documents, and such matters.

*Id.* at 603, 189 S.E.2d at 248. This is not one of those "extraordinary cases," or "cases of an equitable nature," *Williams v. Blue Ridge Bldg. & Loan Ass'n*, 207 N.C. 362, 364, 177 S.E. 176, 177 (1934), requiring clear and convincing proof. The statutory presumption of 42 U.S.C. § 1396p(c)(2) differs from the equitable presumption of resulting trusts in both purpose and effect.

Because the standard of proof required to make the "satisfactory showing" called for by 42 U.S.C. § 1396p(c)(2) is not defined by statute or regulation, the applicable standard was proof by a preponderance of the evidence. Respondent agency's requirement that petitioner satisfy the unpromulgated standard of clear and convincing evidence contained in the referenced manuals amounted to an error of law, requiring that we reverse the judgment of the superior court and remand this matter for further remand to the North Carolina Department of Health and Human Services for reconsideration in light of the appropriate evidentiary standards. *See Surgeon v. Division of Social Services*, 86 N.C. App. 252, 357 S.E.2d 388, *disc. review denied*, 320 N.C. 797, 361 S.E.2d 88 (1987).

Reversed and remanded.

Judges TIMMONS-GOODSON and HUNTER concur.