KIMBERLY COX GIAMBELLI, Plaintiff,
v.
WALTER HANSEN, Defendant.
No. COA09-461.
Court of Appeals of North Carolina.
Filed March 2, 2010.
This case not for publication
Kimberly Cox Giambelli, pro se, plaintiff appellee.
Walter F. Hansen, pro se, defendant appellant.
ROBERT N. HUNTER, Jr., Judge.
Walter Hansen ("Hansen") appeals from the trial court's orders granting Kimberly Cox Giambelli's ("Giambelli") 10 June 2008 and 28 January 2009 motions to modify support and child custody and motion for civil contempt against Hansen. Hansen also appeals the trial court's order denying his 14 January 2009 motion for a new trial pursuant to Rule 59 of the North Carolina Rules of Civil Procedure and to stay enforcement of the 10 June 2008 order for modifying child support and custody pursuant to Rule 62. After review, we affirm the trial court.

I. Factual and Procedural Background[1]
Giambelli and Hansen were married on 14 August 1982 and divorced in Wake County on 4 April 2002. Three children were born of the marriage: A.H., born 15 June 1988; R.H., born 17 April 1994; and J.H., born 9 June 1995.[2] Subsequently, civil action 03 CVD 012165 was filed in which Giambelli sought to have custody and child support matters resolved. Although the record on appeal contains only an incomplete history of the proceedings, it appears from the findings of fact contained in various court orders that on 12 July 2004 Giambelli was awarded primary custody, and Hansen was awarded secondary physical custody of the minor children, and ordered to pay $1,300 per month as child support for the minor children commencing on 1 August 2004.
On 23 May 2007, Hansen filed a complaint and motion for domestic violence protective order (07 CVD 7928) making allegations against Giambelli and her current husband involving A.H.'s and R.H.'s welfare. On 18 June 2007, in case number 07 CVD 7928, Judge Rozier awarded temporary custody of the children to Hansen exchanging primary physical custody of the children, ordered that the children were to remain in their same schools, and suspended Hansen's child support obligation. On 29 June 2007, Judge Kristin Ruth held a hearing in case number 07 CVD 7928, and subsequently signed an order on 3 July 2007 suspending Giambelli's child support obligation and establishing Giambelli's arrears at zero.
On 21 August 2007, Judge Rozier held a hearing on Giambelli's motion for Rule 60 relief, civil contempt, and child custody in civil action 07 CVD 7928. Judge Rozier found that Hansen failed to comply with the court's instructions regarding school placement, scout activities, medication, and church attendance. The trial court further found the failure to be willful and in contempt of its 18 June 2007 order. Moreover, finding a substantial change in circumstances, Judge Rozier ordered that the children be returned to the primary physical custody of Giambelli, and secondary physical custody of Hansen. The court also ordered Hansen to pay $9,000 in attorney's fees to Ms. Giambelli's attorney; however, this requirement was modified by subsequent court order on 16 October 2007 reducing the payment to $1,500. No appeal was taken from this order.
Subsequently, in case number 03 CVD 012165, Giambelli filed a motion to modify child support and child custody, and a motion for civil contempt against Hansen for willful noncompliance with the 16 October 2007 order requiring him to pay Giambelli's attorney's fees. The motions were heard by Judge Rozier on 30 April 2008 and an order was reduced to writing and filed on 10 June 2008. At the hearing, the court took evidence from the two minor children with the parties in attendance. In sum, the court found Hansen in willful non-compliance and contempt of a prior court order to pay $1,500 in attorney's fees to Giambelli's attorney, and made detailed findings regarding child support, parental relocation, and child custody. In his conclusions of law, Judge Rozier concluded that both parents are fit and proper to continue joint custody; however, he found that Hansen's lack of involvement with the minor children warranted a substantial change in circumstances. Judge Rozier then made a detailed child custody, child support, and visitation schedule, which he imposed in the 10 June 2008 order.
Hansen filed notice of appeal in civil action 07 CVD 7928 seeking review of the court's verbal order finding him in willful contempt for failure to pay $1,500 in attorney's fees. This appeal was taken before the court entered its 10 June 2008 order. The appeal in 07 CVD 7928 was dismissed by this Court on 12 September 2008.
On or about 20 June 2008, Hansen filed a Rule 59 motion for a new trial and Rule 62 request for stay with the trial court in 03 CVD 12165. Hansen did not include a copy of the motion and the grounds upon which the motion was based in the record. On or about 12 August 2008, Giambelli served a motion to show cause and motion to modify the 10 June 2008 child support order by providing for garnishment, wage withholding, or direct deposit. An order to appear for this motion was served on Hansen by the Sheriff on 24 September 2008.
Both matters were heard by Judge Rozier on 3 December 2008. On 14 January 2009, Judge Rozier denied Hansen's Rule 59 motion and motion for stay of his 10 June 2008 order. On 28 January 2009, Judge Rozier found Hansen in civil contempt and ordered a modification of the 10 June 2008 child support order.
From these orders, Hansen appeals the following: (1) the trial court's 10 June 2008 and 28 January 2009 orders modifying Hansen's child support obligation and holding Hansen in civil contempt for non-payment of attorney's fees and child support as a final judgment pursuant to N.C. Gen. Stat. § 7A-27(c), and (2) the 14 January 2009 order denying Hansen's Rule 59 motion for a new trial and Rule 62 motion of stay enforcement of judgments as being interlocutory but affecting a substantial right of appellant pursuant to N.C. Gen. Stat. §§ 1-277(a) and 7A-27(d)(1).

I. Denial of Rule 59 and Rule 62 Motions
Hansen seeks appellate review of the trial court's order denying his Rule 59 motion for new trial and Rule 62 request for a stay of the judgment entered on 10 June 2008. In the record on appeal, Hansen has failed to include a copy of the motion upon which either his Rule 59 or Rule 62 requests were made. In his brief, Hansen fails to cite any authority for the proposition upon which he asks this Court to review, other than Coble v. Coble, 300 N.C. 708, 712, 268 S.E.2d 185, 188-89 (1980), in which the following proposition is forwarded: "Where, as here, the trial court sits without a jury, the judge is required to `find the facts specially and state separately its conclusions of law thereon and direct the entry of the appropriate judgment.'"
In this case, the record, as compiled by Hansen, fails to provide a copy of the motion which was filed by Hansen in the trial court containing his contentions or arguments upon which a court could grant either a Rule 59 or Rule 62 motion. However, the record does contain an unchallenged finding of fact from the trial court that no grounds exist to grant a new trial under Rule 59 of the N.C. Rules of Civil Procedure. From the record before us, it appears that no grounds exist to grant a new trial; therefore, the trial court appears to be correct, and we conclude that it made adequate findings to support its conclusion.
Generally, requests for relief under N.C. Gen. Stat. § 1A-1, Rule 59(a)(9), are reviewed for an abuse of discretion. See Worthington v. Bynum, 305 N.C. 478, 484, 290 S.E.2d 599, 603 (1982)(stating that "it is plain that a trial judge's discretionary order pursuant to [N.C. Gen. Stat. §] 1A-1, Rule 59 for or against a new trial upon any ground may be reversed on appeal only in those exceptional cases where an abuse of discretion is clearly shown"). There is no evidence of abuse of discretion in the record before us. Furthermore, a trial court's grant or denial of a Rule 62 motion is also reviewed for an abuse of discretion. See North Iredell Neighbors for Rural Life v. Iredell County, ___ N.C. App. ___, 674 S.E.2d 436 (2009); N.C. Gen. Stat. § 1A-1, Rule 62(c) (2009). Therefore, based on the record as provided by Hansen, it appears that the trial court did not abuse its discretion; as such, we affirm the decision of the trial court.

II. Order Finding Defendant in Civil Contempt and Order to Modify Child Support
Hansen also seeks appellate review of the 28 January 2009 trial court order modifying its order entered on 10 June 2008. With regard to these orders, Hansen contends that the trial court failed to make appropriate findings of fact, and therefore erred by (1) concluding that Giambelli was entitled to attorney's fees, (2) establishing a child support arrearage, (3) holding Hansen in civil contempt for willful noncompliance with its 21 August 2007, 17 October 2007, and 10 June 2008 orders, (4) modifying Hansen's child support obligation, and (5) transferring the custody and support civil action to the Chowan County Child Support Enforcement Agency. Noting the inadequacy of the record on appeal and multiple violations of the North Carolina Rules of Appellate Procedure, we dismiss Hansen's assignments of error.
In the record on appeal, Hansen included the following information relevant to this issue in 03 CVD 12165, and upon which appellant asks us to review the judge's decision: (1) a copy of the order; (2) a copy of his financial affidavit filed on 14 November 2008; (3) a copy of an affidavit from his employer; and (4) page 3 of Kimberly Giambelli's attorney's invoice which has been redacted. Hansen also included information in the record regarding civil action number 07 CVD 7928 which was previously dismissed by this Court on 12 September 2008, and is not relevant to the present matters on appeal. No transcript of the hearing was tendered with the appeal; however, selected portions of the transcripts in 07 CVD 7928 were included. Furthermore, no information was included by the appellee. Both parties appear pro se.
Pursuant to N.C. R. App. P. 9 (2010), the appellant is under an obligation to compose the record on appeal in such a manner as to allow the appellate court to review the appellant's assignments of error. In pertinent part, N.C. R. App. P. 9(a)(1) requires that the record contain the following:
d. copies of the pleadings and of any pre-trial order on which the case or any part thereof was tried;
e. so much of the evidence, set out in the form provided in Rule 9(c)(1), as is necessary for an understanding of all errors assigned, or a statement specifying that the verbatim transcript of proceedings is being filed with the record pursuant to Rule 9(c)(2), or designating portions of the transcript to be so filed; [and]
. . . .
j. copies of all other papers filed and statements of all other proceedings had in the trial court which are necessary to an understanding of all errors assigned unless they appear in the verbatim transcript of proceedings which is being filed with the record pursuant to Rule 9(c)(2)[.]
Appellant's record on appeal is inadequate under our Rules.
The Rules of Appellate Procedure are mandatory and failure to follow the rules subjects an appeal to dismissal. Wiseman v. Wiseman, 68 N.C. App. 252, 255, 314 S.E.2d 566, 567-68 (1984). In the record appellant Hansen failed to provide a copy of the motion by which Giambelli sought to modify the existing child custody order and any documentation whatsoever that Giambelli or her counsel filed with the trial court. Hansen also failed to file a transcript of the hearing, or prepare a summary of the evidence which complies with the rules. Hansen's brief, in its discussion of the facts, is, as a result of these omissions, simply without any record support.
Since the appellate rules apply to everyone, the Court would dismiss the appeal of a pro se defendant who failed to comply with North Carolina Rules of Appellate Procedure 9(a)(1)(c), 9(a)(1)(k) 9(b)(3), 10(c)(1), 12(a), and 28(b)(5). Bledsoe v. County of Wilkes, 135 N.C. App. 124, 125, 519 S.E.2d 316, 317 (1999). Accordingly, this appeal is dismissed under N.C. R. App. P. 25 for failure to follow Rules 9(a)(1)d, 9(a)(1)e, and 9(a)(1)j of the North Carolina Rules of Appellate Procedure. See Dillingham v. N.C. Dep't of Human Res., 132 N.C. App. 704, 707, 513 S.E.2d 823, 825 (1999) (stating that "the Rules of Appellate Procedure are mandatory and a party's failure to comply with them frustrates the review process and subjects the party to sanctions, which may include dismissal of the appeal").
The appeal of the appellant is dismissed as to the orders entered on 10 June 2008 and 28 January 2009.
Affirmed in part; dismissed in part.
Judges ELMORE and STEELMAN concur.
Report per Rule 30(e).
NOTES
[1] The factual and procedural background has been gleaned from the trial court orders contained in the record.
[2] Children's names have been abbreviated.